## PAGE'S ADMR. *v.* W. K. PAGE.

**Administrator — Affidavit as to Claim Against Estate.**
> In a suit for specific property against an administrator no affidavit as to the justness of the claim is required.

**Preponderance of Evidence — Instructions.**
> Whatever may be our opinion as to the preponderance of the evidence, if the jury had been instructed as to the law of the case, this court would not interpose and set aside their finding.

**Gift of Personal Property — Possession.**
> In a gift of personal property the possession must accompany and follow the gift, and should be an actual, visible change of possession, such as would be known in the neighborhood.

**Same — Friendly Possession — Hostile Possession.**
> If the intestate had the title to the slave and permitted it to remain in the possession of his mother, before friendly possession could become hostile and adverse, his administrator should have had notice that she was holding adversely to him.

APPEAL FROM ADAIR CIRCUIT COURT.

February 21, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The court below did not err in our opinion in refusing to make the rule absolute and dismiss appellee's action for failing to produce his written affidavit of the justness of the demand, etc., under section 35, chapter 37 (Vol. 1, Rev. Stat. 509).

The action in this case was for the recovery of a specific article the title to which was controverted, and the hire was an incident depending upon the judicial establishment of the right to the thing, and the subject-matter of the suit was not the character of demand embraced by the section *supra*.

Whatever may be our opinion as to which side the weight of the evidence preponderated, we cannot say that the finding of the jury was so clearly and palpably against the evidence as to authorize this court to interpose and set aside their finding if the law of the case had been properly expounded in the instructions asked by appellee and given by the court.

To authorize the jury to find for appellee they should have been informed by the court that they must believe from the evi-

dence that Mrs. Nancy Page gave the girl to appellee, and that the possession accompanied and followed the gift, and if they believed from the evidence that the parties resided together the change of possession should be an actual, visible change, such as would be known and recognized in the neighborhood. Jarvis v. Davis, 14 B. Mon. 529.

In the first instruction, the jury are not informed when the possession should have been delivered to appellee, and the necessity of a continuation of that possession by visible and cognizable acts is ignored in the instruction.

In the second instruction, instead of leaving the fact of a gift of the slave by Mrs. Page to appellee to be determined by the jury from the evidence, the court assumed that as an established fact in the case and bases the instruction upon that assumption, which was erroneous.

The third and fourth instructions are also erroneous. If appellant's intestate had the title to the slaves and permitted them to remain in the possession of his mother on hire or for her comfort and benefit without hire, before that friendly possession could become hostile and adverse, C. S. Page must have had notice that she was claiming to hold said slaves adverse to him and in her own right, and the statute would not commence running until he had notice of her hostile claim; said instructions should have been thus qualified. Wherefore, the judgment is reversed, and the cause remanded for a new trial and for further proceedings.